LEPANTO GIN COMPANY *v.* BARNES.

Opinion delivered October 20, 1930.

424

*Caraway, Baker & Gautney,* for appellant.

*Dudley & Dudley,* for appellee.

HART, C. J., (after stating the facts). The sole issue raised by the appeal and decided by us is whether or not the court erred in finding that there was no liability against the defendants upon the certificates of stock which had been issued to them and for which each of them had given his note.

Article 12, § 8, of our Constitution provides that no private corporation shall issue stocks or bonds, except for money or property actually received or labor done, and all fictitious increase of stock or indebtedness shall be void. In the construction of this clause of the Constitution in *Bank of Dermott* v. *Measel,* 172 Ark. 193, 287 S. W. 1017, it was held that a note given to a private corporation for the purchase of stock in it is void. To support the holding, the court quoted from *Bank of Commerce* v. *Goolsby,* 129 Ark. 416, 196 S. W. 803, the following:

"When notes are taken in exchange for stock, it is a palpable violation of the constitutional provision, because notes are merely evidences of indebtedness, and such a transaction shows upon its face that the stock has not been paid for. The design of the framers of the Constitution was that stock should not be issued and sold except for its value in money or property actually received, or labor done. A note is not property in the sense of the Constitution, because it only indicates that the stock has not, in fact, been paid for; and where the notes are worthless the stock has been exchanged for nothing. Notes are not money and not bankable paper, but mere choses in action and it in no sense meets the requirements of the above provision of the Constitution

to accept a note in exchange for stock'' (citing authorities).

The notes introduced in evidence in this case were contractual in their nature because they contained a clause that they were given for shares of stock of the Lepanto Gin Company. The notes were merely evidence of the indebtedness of the persons executing them; and if the notes were void as being given in violation of the constitutional provision above referred to, there was no indebtedness of the stockholders to the corporation, for the certificates of stock which had been issued to them were also void; and the court properly held that there was no liability upon the part of the defendants.

Having reached this conclusion, it is unnecessary to consider the other questions discussed by counsel in their respective briefs. Therefore the judgment will be affirmed.